UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SARA M. SHELTON, | Case No.: 1:15-CV-733 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Sara Shelton's Motion to Remand. (Doc. 3). Defendant Volkswagen Group of America, Inc. has filed a response in opposition. (Doc. 7). Plaintiff has filed a reply. (Doc. 9).

Also before the Court is Defendant's Motion to Stay. (Doc. 4). Plaintiff has filed a response in opposition to the Motion to Stay (Doc. 5). Defendant has filed a reply. (Doc. 6).

**I.   FACTUAL SUMMARY**

On October 14, 2015, Plaintiff filed her Complaint in the Clermont County Court of Common Pleas, asserting causes of action against Defendant for violation of the Ohio Consumer Sales Practices Act, fraudulent concealment, breach of implied warranty, rescission and restitution, and punitive damages. Her claim concerns a "Defeat Device" employed on a 2015 Jetta TDI diesel vehicle purchased by Plaintiff. Defendant is alleged to manufacture such vehicles through its affiliates Volkswagen AG and Audi AG. In the Complaint, Plaintiff states:

> Plaintiff, in this action, seeks damages, costs, attorney's fees and prejudgment interest, and hereby stipulates that the cumulative amount that she seeks for all forms of damages, costs, attorney's fees and prejudgment interest will not exceed $74,000.00. Plaintiff further stipulates that any judgment that may be entered by the court herein should not, under any circumstances, cumulatively

1

      total more than $74,000.00. Plaintiff is willing that this stipulation be binding
      throughout the course of this litigation until its conclusion.

(Doc. 2, PageId 59). Plaintiff's demand seeks money damages, including treble damages, or in the alternative, rescission and restitution. (Id., PageId 63). She further seeks costs and attorney's fees, and punitive damages. (Id., PageId 63-64). She indicates that the total recovery she seeks should be limited to "not a penny more than $74,000." (Id., PageId 64).

## II.   ANALYSIS

### A.  Motion to Stay

Defendant seeks a stay of the proceedings, including any ruling on the motions to remand, pending the Multidistrict Litigation Panel's ruling on whether to transfer this action to a multidistrict action. This Court finds that it is in the interest of efficiency and economy to rule upon the pending motions in this Court prior to any decision by the MDL. Accordingly, the motion to stay shall be denied.

### B.  Motion to Remand

Generally, a civil case brought in state court may be removed by a defendant to federal court only if the action is one over which the federal court could have exercised original jurisdiction. 28 U.S.C. §§ 1441, 1446. A federal district court has original jurisdiction over civil actions where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Here, there is no dispute that the parties are completely diverse. The parties disagree, however, as to whether the amount-in-controversy requirement is satisfied. Specifically, the parties dispute whether Plaintiff's statement in her Complaint that she would not seek or accept an award in excess of $74,000.00 is sufficient to destroy diversity jurisdiction and whether Defendant has shown that the reasonable value of Plaintiff's claims exceeded $75,000 at the time of removal.

A defendant seeking to remove a case bears the burden of satisfying the amount-in-controversy requirement by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2); *see also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Courts generally are to view the claims from the vantage point at the time of removal. *Everett*, 460 F.3d at 822. "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (quoting *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005)) (additional quotations omitted).

### 1. Damages Limitation

When a notice of removal is based upon 28 U.S.C. § 1332(a), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless the initial pleading either seeks non-monetary relief, or seeks a money judgment, but the State practice either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2). Under the Ohio Rules of Civil Procedure, a plaintiff is precluded from stating in her complaint the specific amount she seeks to recover. Ohio R. Civ. P. 8(a) (stating that the party "shall not specify in the demand for judgment the amount of recovery sought"). Instead, "[a]t any time after the pleading is filed and served, any party from whom monetary recovery is sought may request in writing that the party seeking recovery provide the requesting party a written statement of the amount of recovery sought." Ohio R. Civ. P. 8(a). The Ohio Rules of Civil Procedure further allow a plaintiff to recover more in damages than what she seeks in her complaint. *See* Ohio R. Civ. P. 54(C) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings"). .

Under these rules, Plaintiff's demand is not controlling and does not preclude Defendant from seeking removal. Plaintiff contends, however that the statement in the Complaint labeled "Stipulation" that limits the recoverable amount constitutes a binding stipulation that destroys diversity jurisdiction.

Courts have permitted a plaintiff to stipulate to a limitation on damages and destroy diversity jurisdiction by doing so when the stipulation is unequivocal. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002). Courts have found language to be unequivocal when it indicates that the plaintiff neither seeks, nor will accept, damages in an amount exceeding $75,000. *Jefferson v. Hyatt*, No. 3:14-cv-601, 2015 U.S. Dist. LEXIS 46837, at *9 (W.D. Ky. Apr. 9, 2015) ("[he] will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief"); *see also Martin v. UPS Supply Chain Solutions*, No. 3:14-cv-342, 2015 U.S Dist. LEXIS 19007, at *7-8, *10-11 (W.D. Ky. Feb 13, 2015) (same as *Jefferson*); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 776, 781 (E.D. Ky. 2014) ("Plaintiff expressly asserts in the above cause of action, any subsequent action(s), that Plaintiff will not seek or accept an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief."); *Van Etten v. Boston Scientific Corp.*, No. 3:09-cv-442, 2009 U.S. Dist. LEXIS 99079 (W.D. Ky. Oct. 23, 2009) ("he 'hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000'"); *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781-82 (W.D. Ky. 2013) ("Plaintiff expressly asserts . . . that Plaintiff will not seek *or accept* an award of damages in excess of $74,999.00 inclusive of punitive damages, attorneys' fees, and the fair value of injunctive relief"); *Agri-Power, Inc. v.*

*Majestic JC, LLC*, No. 5:13-cv-46, 2013 U.S. Dist. LEXIS 90410 (W.D. Ky. June 17, 2013) ("[Plaintiff] seeks to recover . . . $24,000 in compensatory damages, together with punitive damages not to exceed $24,000 [and] will not accept an award of damages that exceeds $50,000.00 in total, exclusive of interest and costs").  The statement of stipulation in Plaintiff's Complaint utilizes language analogous to the language used in those cases.  While the Court acknowledges that caselaw cited by the parties generally has rejected the notion that a statement as to the limitation of damages in a complaint is sufficient, those cases each involved a generalized demand for damages that limited the amount in controversy rather than the type of unequivocal stipulation as is present in this case.  *See Jefferson*, 2015 U.S. Dist. LEXIS 46837, at *5;  *Martin*, 2015 U.S Dist. LEXIS 19007, at *5-6; *Cook v. Estate of Moore*, No. 3:12-cv-485, 2012 U.S. Dist. LEXIS 157486 (W.D. Ky. 2012); *Ambrozich v. ConAgra Foods, Inc.*, No. 7:07-107, 2007 U.S. Dist. LEXIS 86448, at *7-8 (E.D. Ky. Aug. 2, 2007).  Given that the Court is convinced that Plaintiff will be bound by the stipulation made in the Complaint throughout the course of the litigation, it resolves any doubts or ambiguities in the law in favor of remand.

### 2.  Attorneys' Fees and Costs

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).  "The objective reasonableness standard, however, does not require a showing that the defendant's position was 'frivolous' or 'without foundation.'"  *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir. Jan. 22, 2013) (citing *Martin*, 546 U.S. at

5

138-39)). Rather, the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

Here, the Court finds that an award of attorneys' fees and costs is not appropriate. While Defendant did not ultimately succeed in avoiding remand, the basis for removal was not, in this Court's view, objectively unreasonable. As such, attorneys' fees and costs will not be awarded in this instance.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (Doc. 4) is **DENIED**, and Plaintiff's Motion to Remand (Doc. 3) is **GRANTED**. This case shall be **REMANDED** to the Clermont County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT